*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DAMEON MICHAEL OUERT,

        Defendant-Appellee.

UNPUBLISHED
March 12, 2020

No. 349080
Cass Circuit Court
LC No. 16-010347-FH

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

In this interlocutory appeal, plaintiff appeals by delayed leave granted[1] the trial court's order granting a new trial. A jury convicted defendant of first-degree home invasion, MCL 750.110a(2), and lying to a police officer, MCL 750.479c(2)(c). The trial court sentenced defendant to concurrent sentences of 4 to 20 years' imprisonment for his conviction of first-degree home invasion, and two to five years' imprisonment for his conviction of lying to a police officer. We reverse.

This case arises out of a home invasion that occurred in November 2016. The eyewitness testified that she was home alone when she started to hear "the [back] door rattling, like moving, and then [she] heard, like—it sounded like scratching noises on the door." She then "heard the big, like, a couple bumps like a shoulder was hitting the door, and then a boom where the door actually came open." She "ran out into the kitchen," but realized that "it was the doorway to the back room where the door was." The eyewitness identified defendant as the individual who broke into the house. She testified that defendant wore a white shirt, black gloves, and "pajama pants that looked like jeans." The eyewitness was able to identify defendant because he was a family friend.

---

[1] *People v Ouert*, unpublished order of the Court of Appeals, entered September 24, 2019 (Docket No. 349080).

Officer Thorn Lewis of the Dowagiac Police Department responded to the home invasion call, and eventually went to defendant's residence to speak with him. Defendant's residence was "probably a minute or two away" driving distance from the victim's house, and "was easy to walk to" from the victim's house. When Officer Lewis and his partner arrived at defendant's house, Officer Lewis noticed that defendant wore "pajama pants that looked almost like blue jeans." Officer Lewis's partner testified that he told defendant that they were investigating a home invasion, and that an eyewitness identified defendant. Defendant denied any involvement, but he was ultimately arrested.

As we previously noted, a jury convicted defendant of first-degree home invasion and lying to a police officer. After trial, defendant moved the trial court for a new trial on the basis that he received ineffective assistance of counsel because defense counsel did not object to the admission of purported other-acts evidence. However, the trial court appeared to grant defendant's motion on the basis that the other-acts evidence should have been excluded as irrelevant and unfairly prejudicial. Thus, we will address both the basis for the motion and the trial court's decision.

> This Court reviews a trial court's decision to grant or deny a motion for a new trial for an abuse of discretion. An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. A mere difference in judicial opinion does not establish an abuse of discretion.

> A trial court's factual findings are reviewed for clear error. MCR 2.613(C). Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake. MCR 2.613(C) provides that regard shall be given to the special opportunity of the trial court to judge the credibility of the *witnesses who appeared before it*. And appellate courts need not refrain from scrutinizing a trial court's factual findings, nor may appellate courts tacitly endorse obvious errors under the guise of deference. [*People v Johnson*, 502 Mich 541, 564-565; 918 NW2d 676 (2018) (quotation marks and citations omitted).]

Determining whether a defendant received ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018).

In order to receive a new trial on the basis of ineffective assistance of counsel, defendant "must show both that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith v Spisak*, 558 US 139, 149; 130 S Ct 676; 175 L Ed 2d 595 (2010) (quotation marks and citation omitted); see also *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). Accordingly, a defendant must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v Washington*, 466 US 668, 690; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. Secondly, defendant must show a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the

burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

For purposes of appeal, we assume that defense counsel's failure to object to the other-acts evidence was unreasonable, satisfying the first prong for an ineffective assistance of counsel claim. However, defendant did not establish that there is a reasonable probability that, but for defense counsel's alleged error, the outcome of the proceedings would have been different. See *People v Jackson*, 313 Mich App 409, 431; 884 NW2d 297 (2015). Removing the other-acts evidence from consideration still left the jury with the eyewitness's testimony about defendant breaking into the home while she was present, and that defendant was wearing black gloves when he entered the home. Moreover, a police officer testified that defendant was wearing pajama bottoms similar to those described by the eyewitness. Although defendant told the officer that he was at home all day and was not involved, "a jury is free to believe or disbelieve, in whole or in part, any of the evidence presented." *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). With this testimony and the circumstantial evidence of the gloves to prove defendant's intent, absent the other-acts evidence, there was still enough significant evidence to convict defendant of first-degree home invasion and lying to a police officer. Accordingly, there was not a reasonable probability that the outcome of the proceedings would have been different absent the other-acts evidence.

With respect to the trial court's grant of a new trial on the basis that the other-acts evidence should have been excluded, a trial court may grant a new trial "on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice." See MCR 6.431(B). However, assuming this evidence qualifies as other-acts evidence, we apply the plain error rule to unpreserved issues of evidentiary error. See *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). For the reasons already stated, the admission of the other-acts evidence did not amount to an outcome-determinative error requiring reversal.

The trial court's order granting a new trial is reversed. We do not retain jurisdiction.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly

-3-